UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA

    - against -

                   **MEMORANDUM & ORDER**
TYSHEEN COOPER, MICHAEL LIBURD,    17-CR-296 (PKC)
and MAURICE WASHINGTON,

         Defendants.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

  Defendants Michael Liburd, Maurice Washington, and Tysheen Cooper previously moved to dismiss Counts Two and Six of the Superseding (S-1) Indictment.[1] (Dkts. 173, 174, 175.) In response to Defendants' joint motion, the government has indicated that it does not intend to pursue Counts Two and Six, and requested that these counts be dismissed. (Dkts. 182, 244.) The Court therefore grants Defendants' motion to dismiss Counts Two and Six based on the government's parallel request for the same relief.

  The Court also grants the government's request to modify Count Twelve of the Superseding (S-1) Indictment by: (1) striking the reference to Count Ten; and (2) deleting references to the two defendants whose cases have been resolved.[2] (*See* Dkt. 182.) Count Twelve charges Defendant Cooper and the two other defendants with violating Title 18, United States

---

[1] Notably, soon after filing their motions, all three Defendants pled guilty. (*See* 9/24/19 and 9/25/19 Minute Entries.) Defendant Liburd, however, was subsequently permitted to withdraw his guilty plea (*see* Dkt. 226), and Defendant Cooper is currently considering whether to withdraw his guilty plea. (*See* Dkts. 235, 236; 9/18/20 Scheduling Order; 10/19/20 Minute Entry.) Thus, the Court's ruling on Defendants' motion is moot as to Defendant Washington, but not as to Defendant Liburd, who currently intends to proceed to trial, and potentially not as to Defendant Cooper.

[2] Despite being given the opportunity to respond to the government's modification request, Defendant Cooper did not do so. (*See* 11/16/20 Order.)

Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), and 924(c)(1)(C)(i), by knowingly and intentionally using and carrying one or more firearms during and in relation to one or more crimes of violence. (Superseding (S-1) Indictment, Dkt. 32, ¶ 26.) The two crimes of violence alleged in Count Twelve are Hobbs Act robbery conspiracy and Hobbs Act robbery, charged in Counts Ten and Eleven, respectively. (*Id.* ¶¶ 24–26.) With the striking of Count Ten from Count Twelve, the Section 924(c) violation charged in Count Twelve will be based solely on the Hobbs Act robbery predicate crime charged in Count Eleven.

Because only one predicate crime need be proved to support a Section 924(c) charge,[3] the striking of Count Ten as a predicate offense in Count Twelve neither violates Defendant Cooper's constitutional rights nor prejudices him, and is therefore proper. As the Supreme Court explained in *United States v. Miller*:

> The Court has long recognized that an indictment may charge numerous offenses or the commission of any one offense in several ways. As long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime.

471 U.S. 130, 131, 136 (1985) (affirming defendant's fraud conviction based on "trial proof that support[ed] only a significantly narrower and more limited, though included, fraudulent scheme");

---

[3] *See*, *e.g.*, *United States v. Figueroa*, 813 F. App'x 716, 720 (2d Cir. 2020) (summary order), *cert. denied sub nom. Figueroa v. United States*, No. 20-5636, 2020 WL 6037367 (U.S. Oct. 13, 2020) (upholding § 924(c) conviction after *Davis* voided the crime of violence predicate where the indictment had also charged a drug trafficking predicate and petitioner had allocuted to both); *United States v. Vasquez*, 672 F. App'x 56, 61 (2d Cir. 2016) (summary order) (upholding § 924 conviction where it was not clear whether there had been a predicate crime of violence but the defendant's "convictions [we]re clearly supported by a narcotics predicate presenting no legal concern," and noting that "[i]n these circumstances, where a challenged § 924 verdict undoubtedly rests on a valid drug-trafficking predicate, no . . . concern arises from a possible defect in a related 'crime of violence' predicate"); *see also United States v. Dussard*, 967 F.3d 149 (2d Cir. 2020) (affirming conviction of defendant who pled guilty to a Section 924(c) charge predicated on both Hobbs Act robbery conspiracy and a drug-trafficking crime, even though the defendant's plea agreement only mentioned the now-invalid Hobbs Act predicate).

2

*see Turner v. United States*, 396 U.S. 398, 420 (1970) (affirming principle that "when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged"). Here, Defendant Cooper could be convicted at trial of the Section 924(c) charge in Count Twelve based on evidence establishing the Hobbs Act robbery charged in Count Eleven as the predicate crime, so long as the other elements of the Section 924(c) charge are proved.

Accordingly, Count Twelve of the Superseding (S-1) Indictment is hereby modified to read:

> On or about May 24, 2017, within the Eastern District of New York and elsewhere, the defendant TYSHEEN COOPER, also known as "Billz," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Eleven, and did knowingly and intentionally possess such firearm in furtherance of said crime of violence, one or more of which firearms were brandished.

Finally, to the extent the government is seeking a ruling at this time that it be permitted to introduce at trial "evidence of the defendants' possession and use of firearms" (Dkt. 182, at 2), to prove not only the crimes charged in Counts Eleven and Twelve but other crimes charged in the Superseding (S-1) Indictment, the Court defers ruling on that issue until it has been determined which Defendants are going to trial and the parties have the opportunity to brief that issue, if necessary.

**SO ORDERED.**

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 4, 2020
      Brooklyn, New York